# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CSX TRANSPORTATION, INC.,

    Plaintiff,

v.

FIBER TECHNOLOGIES NETWORKS, L.L.C., EAGLE 1 RESOURCES, LLC, and UNDERGROUND CONTRACTORS, INC.

    Defendants,

&

UNDERGROUND CONTRACTORS, INC.

    Third-Party Plaintiff,

v.

L&L EXCAVATING, LLC,

    Third-Party Defendant.

_____/

Case No. 2:15-cv-10976

Hon. Denise Page Hood

## STIPULATED PROTECTIVE ORDER

Pursuant to Federal Rule of Civil Procedure 26(c), and the stipulation of the attorneys of record for the parties, the Court hereby enters the following protective order:

1. **Confidential Information** – Any document or thing that a party reasonably and in good faith believes to contain confidential information that is not publicly available (such as research and development, commercial, or other

sensitive information) may be produced by that party with the clear and obvious designation "CONFIDENTIAL."

2. **Non-Disclosure of Confidential Information** – Any document or thing designated as "CONFIDENTIAL" may only be used to prosecute or defend this action and shall not be disclosed to (or the content discussed with) anyone other than the following persons:

    a. The named parties in this case, their attorneys, and their support staff (e.g., copying and document management personnel).

    b. Independent experts or consultants engaged by a party's attorneys to assist in the preparation and trial of this case who agree to abide by the terms of this Protective Order by signing Exhibit A and who are approved by the producing party pursuant to paragraph 5 below.

    c. Deposition witnesses whose testimony is being taken with respect to the document or thing, or about the subject matter of the document or thing, who agree to abide by the terms of this Protective Order.

    d. The parties' insurance carriers and/or companies.

    e. This Court and its staff members.

3. **Deposition Testimony** – Any portions of requested testimony, a transcript and/or a brief may be designated as "CONFIDENTIAL" if the party or attorney making the designation reasonably and in good faith believes it will reveal a trade secret or other confidential research and development, commercial, or sensitive information.

4. **Motion Practice** – All documents, testimony, and information designated as "CONFIDENTIAL" that are submitted to the Court Clerk as part of a motion or other paper shall be filed pursuant to Local Rule 5.3. A redacted copy of the motion or paper may be filed with the Court Clerk through the Court's electronic filing system and an unredacted copy of the motion or paper may be filed under seal.

An unsealed or unredacted copy of the confidential document, testimony, or information may be used for the judge's courtesy copy of the motion, but each page containing confidential information shall be marked in such a way that it clearly notifies the Court that the page contains confidential information that was filed pursuant to Local Rule 5.3. The judge's courtesy copy of the motion shall be sent directly to the Judge's chambers and not filed with the Court Clerk.

5. **Discovery from Third Parties** – This Protective Order shall apply to discovery sought from persons or companies who are not parties to this lawsuit.

Third parties may designate information produced under either the "CONFIDENTIAL" designation.

6. **Challenging "Confidential" Designation** – Any party that wishes to challenge the designation of any document, thing, or testimony as confidential under Federal Rule of Civil Procedure 26(c) may do so at any time by way of motion to this Court. The designating party shall have the burden of justifying its designation. Before filing any such motion, however, the parties shall first attempt to resolve their disagreement without Court intervention.

7. **Trial Testimony** – This Protective Order shall not govern proceedings at trial.

8. **Termination of Lawsuit** – All documents and things designated as "CONFIDENTIAL" and all copies thereof, shall either be returned to the party that produced them upon the final disposition of this action or they may be destroyed with permission of the party that produced them. This provision shall not apply to documents and things the Court determines are not confidential.

9. **Inadvertent Production of Privileged Material** – Any inadvertent production of privilege or work product protected material shall not result in the waiver of any associated privilege (attorney-client privilege, work product doctrine, etc.). However, the disclosure of any particular material shall cease to be "inadvertent" if the receiving party notifies the producing party of the disclosure

and the producing party does not request the return of the privileged matter within ten (10) days.

**SO ORDERED.**


Dated:  March 23, 2016                       s/Denise Page Hood
                                                    Honorable Denise Page Hood
                                                    Chief Judge, U. S. District Court

**SO STIPULATED:**

HONIGMAN MILLER SCHWARTZ AND COHN LLP
*Counsel for Plaintiff CSX Transportation, Inc.*

By: /s/ Elizabeth C. Lamoste
By: Jason R. Abel (P70408)
Elizabeth C. Lamoste (P78500)
660 Woodward Avenue
Detroit MI 48226
(313) 465-7302
jabel@honigman.com

FRASER TREBILCOCK DAVIS DUNLAP, P.C.
*Counsel for Defendants Fiber Technologies, LLC and Eagle 1 Resources, LLC*

By: /s/ Michael P. Donnelly (w/consent)
By: Michael P. Donnelly, Esq. (P45221)
One Woodward Ave., Suite 1550
Detroit, MI 48226
(313) 237-7300
mdonnelly@fraserlawfirm.com

LAW OFFICE OF STORCK & DINVERNO
*Counsel for Third-Party Defendant L&L Excavating, LLC*

By: /s/ Donald J. Trybus (w/consent)
By: Donald J. Trybus (P33117)
700 Tower Dr., Ste. 550
Troy, MI 48098
(248) 631-2128 / 2102 (fax)
trybud1@nationwide.com

COLLINS EINHORN FARRELL PC
*Counsel for Defendant Underground Contractors, Inc.*

By: /s/ Patrick D. Crandell (w/consent)
By: Patrick D. Crandell (P76249)
4000 Town Center, 9th Floor
Southfield, MI 48075
(248) 355-4141
patrick.crandell@ceflawyers.com

Dated: March 23, 2016

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

CSX TRANSPORTATION, INC.,

    Plaintiff,

v.                                                                                          Case No. 2:15-cv-10976

FIBER TECHNOLOGIES NETWORKS,                           Hon. Denise Page Hood
L.L.C., EAGLE 1 RESOURCES, LLC, and
UNDERGROUND CONTRACTORS, INC.

    Defendants,

&

UNDERGROUND CONTRACTORS, INC.

    Third-Party Plaintiff,

v.

L&L EXCAVATING, LLC,

    Third-Party Defendant.

_____/

## EXHIBIT A

## AGREEMENT TO BE BOUND BY PROTECTIVE ORDER

    I, _____, declare as follows:

1.    I have read the Protective Order in the above captioned case.

2.    I promise that I will only use the documents and things designated as

    "CONFIDENTIAL" that are given to me for purposes of this lawsuit.

3. I promise that I will not disclose or discuss information that I learn from documents and things designated as "CONFIDENTIAL" with anyone other than the persons described in the Protective Order.

4. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the Eastern District of Michigan with respect to enforcement of this Protective Order.

5. I understand that any disclosure or use of documents or things designated as "CONFIDENTIAL" or information learned from the documents or things, in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

Dated: _____     _____
                                    By:

4829-0915-0250, v. 1